a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JIALIN YAN #A249-262-627,<br>Petitioner | CIVIL DOCKET NO. 1:26-CV-00835<br>SEC P |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| WARDEN FACILITY DIRECTOR LASALLE I C E PROCESSING CENTER,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

---

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Jialin Yan ("Yan"). At the time of filing, Yan was an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana. ECF No. 1. Yan seeks release from continued detention.

Because Yan was granted release on supervision, the Petition should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## I. Background

Yan is a citizen of China who was ordered removed, but granted withholding of removal to China. ECF No. 15-1. On June 3, 2026, Yan was released under an order of supervision. ECF No. 18.

## II. Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*,

445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Yan received the relief sought in the Petition – he was released from detention. Therefore, the Petition is moot.

## III. Conclusion

Because Yan was released from detention, IT IS RECOMMENDED that the Petition be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, July 13, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE